PARKER C. J.
delivered the opinion of the Court. We think that according to the words of the statute, and probably the intent of the legislature, the parties to the suit, whether consisting of one or more, are required to swear to the fact of usury. If there are two or more defendants, we see no reason to suppose that the legislature intended that if one would swear to the fact and the others should refuse, the debt should be avoided. It ought to be made difficult for men to avoid their own contracts by their own declarations. If the statute itself creates inconvenience, it must be imputed to the nature of the subject and the difficulty of adopting novel principles in the administration of justice.
Without doubt the same rule of construction must be applied to the other branch of the requisition. Where there are more *172 creditors than one, they must all tender their oath to defeat the oath of the debtor. This also may be very inconvenient, but there is scarcely any application of this part of the statute which will not present inconveniences. So that the argument ab inconvenienti will hardly be a safe guide on this subject. Whenever there shall be great practical inconvenience, the legislature will give relief; until then we must. enforce the statute as we find it.

Motion overruled.